**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              CASE NO.:    3:10mc00063-MCR-EMT

JEFFREY DICKSTEIN,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS ORDER OF CRIMINAL CONTEMPT**

The Defendant, through counsel, moves to dismiss the pending criminal contempt proceedings and in support thereof shows the following:

1. Orders of this Court and undisputed facts of record demonstrate, as a matter of law, the Defendant is not guilty of criminal contempt as charged in this Court's order of August 18, 2010. [1]

2. As addressed more specifically in the memorandum in support of this motion, the Defendant did not engage in criminal contempt by filing a proper motion with the Court requesting to be relieved as counsel of record regardless of the grounds asserted. Indeed, where grounds are believed to exist, it is counsel's responsibility to apprize the Court through proper motion and have such matters resolved through order of

---

[1] Unless otherwise noted, reference to documents of record are in Case No. 3:08-cr-00079/MCR-1

the court.

3. Dickstein filed a motion with the Court to be relieved as counsel of record for the Defendants Claudia and Mark Hirmer. (Document 1192). By order of May 10, 2010, the Court denied Dickstein's motion and, because of the financial concerns raised by Dickstein, appointed Dickstein as CJA counsel for Defendants Claudia and Mark Hirmer. (Document 1217). Subsequently Dickstein filed a Motion for Reconsideration of the order appointing him as CJA counsel. (Document 1224). Grounds asserted therein demonstrated, among other things, a potential conflict of interest with Mark and Claudia Hirmer, irreconcilable differences that had arisen through the lengthy trial, and other facts demonstrating it would not be in the best interest of the Hirmers to be further represented by Dickstein. The Court conducted a hearing on this motion on June 3, 2010. Thereafter, on June 9, 2010, this court entered an order granting the motion of Dickstein for reconsideration of the Court's order appointing him as CJA counsel. The order concluded "Mr. Dickstein is discharged as counsel of record for the Defendants in this case.". (Document 1243).

4. It was not until August 18, 2010, that this Court entered the order entitled "Notice and Order of Criminal Contempt Proceedings" asserting Dickstein willfully violated this Court's Standing Order and

      Notice to Retained Criminal Defense Attorneys (Document 124) and the Court's "Verbal Order in Open Court on September 16, 2009, advising him that he would be required to represent the Hirmers, even if they could not pay his fees." (Case 3:10-mc-00063 MCR/EMT, Document 1).

5. There is no authority for the proposition that filing a motion with the Court to be relieved as counsel of record, regardless of the grounds, places an attorney in contempt of Court. The Court ultimately granted that motion relieving Dickstein as counsel for the Hirmers.

In consideration of the foregoing and as further addressed through memorandum of law in support of this motion, the order of contempt proceedings must be dismissed.

## MEMORANDUM IN SUPPORT OF MOTION

The Standing Order and Notice to Retained Criminal Defense Attorneys, Doc. 124 in the underlying case of *United States v Hirmer,* Case No. 3:08-cr-79 (U.S.D.C.N.D.Fla), is a basic reiteration of Local Rule 11.1(G):

    (G)    Responsibility of Retained Counsel in Criminal Cases.

        Unless the court, within seven (7) calendar days after arraignment, is notified in writing of counsel's withdrawal because of the defendant's failure to make satisfactory financial arrangement, the court

> will expect retained criminal defense counsel to represent the defendant until the conclusion of the case. Failure of a defendant to pay sums owed for attorneys' fees or failure of counsel to collect a sum sufficient to compensate for all the services usually required of defense counsel will not constitute good cause for withdrawal after the seven-day (7) period has expired.

Local Rule 11.1(G)(1).

The Standing Order and Local Rule sets forth "expectations" of the Court regarding retained attorneys, and provides that the failure of a client to pay the retained attorney shall not constitute good cause to support a motion to withdraw. The Standing Order and Local Rule neither prohibits an attorney from withdrawing on any other ground that is premised on good cause. An attorney can not, however, unilaterally withdraw. An attorney must first obtain approval of the court:

> (F) Withdrawal of Attorneys.
>
> (1) Approval of Court Required. No attorney, firm, or agency, having made an appearance, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of court obtained after giving ten (10) days notice to the party or client affected thereby and to all other counsel of record.
>
> (2) Non-Payment of Fees. Failure to pay attorneys' fees shall not be reason for seeking leave to withdraw if the withdrawal of counsel is likely to cause a continuance of a scheduled trial, hearing or other court proceeding

Local Rule 11.1(F)(1)(2).

Here again, the Local rules reiterate that if the sole reason for the withdrawal is the

nonpayment of attorneys' fees, that will not be a sufficient reason to withdraw if the withdrawal is likely to cause a continuance of a scheduled hearing. The rule does not preclude filing a motion to withdraw on other grounds. Local Rule 7.1, together with Local Rule 11.1(F), makes clear that if any attorney has other grounds upon which to withdraw from representation, he should seek permission of the court by filing a written motion.

An attorney appearing in the Northern District of Florida is bound to follow the Rules of Professional Conduct of the Rules Regulating the Florida Bar:

> (E)  Disbarment and Discipline.
>
> > (1)  Profession Conduct. Except where an act of Congress, federal rule of procedure, Judicial Conference Resolution, or rule of court provides otherwise, the professional conduct of all members of the bar of this district, with respect to any matter before this court, shall be governed by the Rules of Professional Conduct of the Rules Regulating The Florida Bar.

Local Rule 11.1(E)(1). The applicable rules of The Florida Bar in the underlying case were:

> RULE 4-1.16 DECLINING OR TERMINATING REPRESENTATION
>
> > (a)  When Lawyer Must Decline or Terminate Representation. Except as stated in subdivisions ( c ), a lawyer **shall** not represent a client or, where representation has commenced, **shall** withdraw from the representation of a client if (emphasis added):
> >
> > > (1)  the representation will result in violation of the Rules of Professional Conduct or law;
> > > (2)  the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client'
> >
> > (b)  When Withdrawal Is Allowed. Except as stated in

>> subdivision (c), a lawyer may withdraw from representing a client if:
>>
>> (4)   the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>> (5)   other good cause for withdrawal exists.
>
> (c)   Compliance With Order of Tribunal. A lawyer must comply with applicable law requiring notice or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation

and

>> RULE 4.17 CONFLICT OF INTEREST; GENERAL RULE
>
> (a)   Representing Adverse Interests. A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless;
>
>> (1)   the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and
>> (2)   each client consents after consultation.
>
> (b)   Duty to Avoid Limitation on Independent Professional Judgment. A lawyer shall not represent a client if the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest, unless:
>
>> (1)   the lawyer reasonably believes the representation will not be adversely affected; and
>> (2)   the client consents after consultation.

The comment to this rule states:

> Comment

Loyalty to a client

> Loyalty is an essential element in the lawyer's relationship to a client. An impermissible conflict of interest may exist before representation is undertaken, in which event the representation should be declined. **If such a conflict arises after representation has been undertaken, the lawyer should withdraw from the representation. See rule 4-1.16.** (Emphasis added).

So too, as a member of the State Bar of California, Dickstein is also bound to follow the California Rules of Professional Conduct. The applicable rule in the underlying case was:

California Rules of Professional Conduct, Rule 3-700(B)(3).

(B) Mandatory Withdrawal.

> A member representing a client before a tribunal **shall** withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if (emphasis added):

> > (3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

These rules create a mandatory obligation upon the lawyer to withdraw if certain circumstances exist. *A foriori* the lawyer is responsible for making the determination if:

1) Continued representation will result in violation of the Rules of Professional Conduct or law; and/or

2) The lawyer's physical or mental condition materially

>   impairs the lawyer's ability to represent the client; and/or
>
> 3) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; and/or
>
> 4) The representation of a client will be directly adverse to the interests of another client.

Once a lawyer reaches the conclusion that one or more of the conditions exist that requires withdrawal, he may not unilaterally withdraw. He must present the grounds to the court in a motion, after giving written notice to the clients, and thereafter accept the determination of the court as to whether his withdrawal shall be allowed.

According to the Order of Criminal Contempt filed in this action, after the verdict but before the next scheduled hearing, Dickstein filed a motion for leave to withdraw citing two grounds:  1) personal financial difficulties and 2) the clients' failure to pay him.(3:10-mc-00063-MCR-EMT) (Doc. 1, pp. 1-2).  While the second ground, by local rule, would not constitute good cause for withdrawal, the first ground created a physical and mental condition materially impairing Dickstein's ability to represent the client; i.e., Dickstein no longer had a home, an office, internet access, nor funds to finance the Hirmer's continued representation, including payment of airfare and lodging expenses in Florida, fees for an appeal, or fees to

purchase the transcript for appeal.

In filing the motion Dickstein complied with all applicable rules and did not disobey or resist this Court's lawful writ, process, order, rule, decree, or command, including the Standing Order. *See* 18 U.S.C. §401(3). The applicable rules required Dickstein to notify the Court of various circumstances, and it would be an abuse of the contempt process to punish him for complying with his other mandatory duties. See *United States v Lee,* 720 F.2d 1049 (9th Cir. 1983) (filing of an authorized motion cannot, by itself, constitute disobedience); *Waste Conversion, Inc. v Rollins Environmental Services (NJ), Inc.,* 893 F.2d 605 (3rd Cir. 1990) (filing of motion and waiting until court either grants or denies the motion does not establish criminal willfulness to disobey or resist a lawful order of the court).

In response to Dickstein's motion for leave to withdraw, the Court issued an order in two parts:  denying the motion to withdraw and appointing Dickstein under the Criminal Justice Act.  According to Dickstein's Motion for Reconsideration, between the filing of his original motion to withdraw and the Court's order appointing him under the CJA, several issues arose creating what Dickstein believed to be conflicts of interest mandating his withdrawal and precluding him from continuing to represent the Hirmers.

The Order of Criminal Contempt states at page 2 that Dickstein notified the court in his response to the order appointing him under the CJA, "of his refusal to accept the CJA appointment". Dickstein's Motion for Reconsideration (Doc. 1224) contains allegations of facts as to why Dickstein believed he was required not to accept the appointment, and as before, left it to the discretion of the Court to either grant or deny his motion for reconsideration.

Criminal contempt is established when it is shown that a defendant is aware of a clar and definite court order and willfully disobeys the order. *United States v. Rylander,* 714 F.2d 996 (9th Cir. 1983). There must be a contemptuous act and a willful, contumacious, or reckless state of mind to justify criminal contempt conviction for failure to comply with court order. In *re Joyce,* 506 F.2d 373 (5th Cir. 1975).

An attorney may with impunity take full advantage of the range of conduct that the adversary system allows. That includes a reasonable opportunity for appropriate objection or other indicated advocacy (*In the Matter of David Dellinger, et. al.,* 461 F.2d 389 (7th Cir. 1972)) such as filing a motion involving the attorney's concerns in complying with the Professional Rules of Conduct to which he is bound, and asking the Court to rule upon those concerns.

There is no question but that had the court not granted Dickstein's

motion to withdraw, and Dickstein thereafter failed to provide representation to his clients, he could be charged with criminal contempt. Here, however, that did not happen. The Court has in essence charged Dickstein with a criminal contempt for an anticipatory refusal to provide representation. There is no case law in existence upholding a contempt for an anticipatory refusal to disobey a Court's order, nor case law holding that such an anticipatory refusal can constitute the basis for a Court to issue a criminal contempt citation.

Based upon the case law cited herein, the facts as alleged in the Order of Criminal Contempt, and the obligations imposed upon Dickstein to notify the Court of those concerns and seek permission to withdraw, the Order of Criminal Contempt fails to state an offense, and should be dismissed.

Respectfully submitted,

 */s/ Joseph L. Hammons*
JOSEPH L. HAMMONS
FBN: 218979
The Hammons Law Firm, P.A.
17 W. Cervantes Street
Pensacola, FL 32501
(850) 434-1068
Attorney for Defendant

\* \* \*

## **CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the foregoing has been furnished to Stephen M. Kunz, U.S. Attorney's Office, 111 North Adams Street, 4th Floor, Tallahassee, FL 32301, by electronic filing, on 7th    October, 2010.

                                       */s/ Joseph L. Hammons*
                                       JOSEPH L. HAMMONS
                                       FBN:  218979
                                       The Hammons Law Firm, P.A.
                                       17 W. Cervantes Street
                                       Pensacola, FL 32501
                                       (850) 434-1068
                                       Attorney for  Defendant