**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                               CASE NO.:    3:10mc00063-MCR-EMT

JEFFREY DICKSTEIN,

      Defendant.

---

**DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM NOTICE
AND ORDER OF CRIMINAL CONTEMPT PROCEEDINGS**

The Defendant, Jeffrey Dickstein, through counsel, pursuant to Rule 7(d), Federal Rules of Criminal Procedure, moves to strike as surplusage paragraph 7 and in footnote 4 of the "Notice and Order of Criminal Contempt Proceedings" and in support thereof asserts the subject information contains surplusage not relevant to the criminal contempt charge.  Dickstein is not charged with contempt for anything in paragraph 7 or footnote 4 nor is he charged with contempt for filing motions relevant to the same subject matter.  The contempt charges address only the allegation that Dickstein violated this Court's Standing Order Pray Retain Counsel (Document 124) filed in the underlying criminal case of *United States v Hirmer*, 3:08-cr-79 (U.S.D.C.N.D.Fla.)

WHEREFORE, in consideration of the above and as further addressed in memorandum in support of this motion, the Defendant moves to strike paragraph 7 and footnote 4 from the Notice and Order of Criminal Contempt Proceedings.

## MEMORANDUM OF POINTS AND AUTHORITIES

A criminal contempt is established when it is shown that a defendant is aware of a clear and definite court order and willfully disobeys the order. *United States v Rylander,* 714 F.2d 996 (9th Cir. 1983). None of the information contained in footnote 4 of the court's Order of Criminal Contempt Proceedings is relevant or material to Dickstein's knowledge of the existence of the contents of Doc. 124, nor of an intent to willfully disobey that order.

The Order of Criminal Contempt Proceeding is based upon a violation of 18 U.S.C. §401(3); it is not a summary contempt proceeding under 18 U.S.C. §401(1) nor Fed. R. Crim.P.42. In addition to mentioning conduct between 1986 and 1996 that occurred in other courts, paragraph 7 and footnote 4 mentions Dickstein's filing of documents pertaining to the 16th Amendment and a motion in limine. The Court did not, during the trial, find Dickstein in contempt for filing those documents, nor are the filing of those documents relevant to the criminal contempt charged and to be tried.

> While McConnell cannot be read as an immunization for all conduct undertaken by an attorney in good faith representation of his client, it does require that attorneys be given great latitude in the area of vigorous advocacy. Appellate courts must ensure that trial judges (or the jury on remand) are not left free to manipulate the balance between vigorous advocacy and obstructions so as to chill effective advocacy when deciding lawyer contempts. Admittedly, the line defies struck delineation (Goldfarb, The Contempt Power, 172 (1971)), but by our resolving doubts in favor of advocacy, an independent and unintimidated bar can be maintained while actual obstruction is dealt with appropriately.
>
> Attorneys have a right to be persistent vociferous, contentious, and imposing, even to the point of appearing obnoxious, when acting on their client's behalf. An attorney may with impunity take full advantage of the range of conduct that our adversary system allows. 461 F.2d 389, 398, 400 (7th Cir. 1972). Accordingly, we find that the contempt citations are unwarranted when considered in their factual setting.

<u>*Hampton v Hanrahan*, **600 F.2d 600, 648 (7th Cir. 1979).**</u>

> We do not dispute an attorney's right in trying a case to be contentious, fearless, and zealous in representing his client's interests. See *Offutt v. United States,* 348 U.S. 11, 13, 75 S.Ct. 11, 99 L.Ed. 11 (1954); *Sacher v. United States,* 343 U.S. 1, 13-14, 72 S.Ct. 451, 96 L.#d. 717 (1952). **As the Supreme Court has said, "(I)t is the right of counsel for every litigant to press his claim, even if it appears farfetched and untenable, to obtain the court's considered ruling.** Full enjoyment of that right, with due allowance for the heat of controversy, will be protected by appellate courts when infringed by trial courts." *United States v. Sacher, supra,* at 9, 72 S.Ct. at 455 quoted in *Maness v. Meyers,* 419 U.S. 449, 459 n. 7, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). [Emphasis added.]

*Commonwealth of Penn. et. al. v. Local Union 542, Intern. Union of Operating Engineers,* 552 F.2d 498, 506 (3rd Cir. 1977).

The Pleadings filed by Dickstein with respect to the 16th Amendment and the motion in limine fall well within the rules of advocacy allowed to attorneys in representing their clients. The filing of these pleadings cannot be the basis of a criminal contempt. So too, that the Court disagrees with the content of the pleadings does not constitute a criminal contempt. "Criminal contempt is essentially reserved for willful contumacy and not good faith disagreement."

*Floersheim v. Engman,* 494 F.2d 949, 952 (D.C. Cir. 1973).

The information contained in paragraph 7 and footnote 4 of the Court's Order of Criminal Contempt Proceedings is surplusage. "Upon the defendant's motion, the court may strike surplusage from the indictment or information. Fed. R. Crim. P. 7(d).

Whether or not the prosecution will attempt to introduce the material set forth in footnote 4 in its case-in-chief under Fed. R. Evid. 404(b) remains to be seen. If so, the proper procedure is to give a defendant notice of such intent.

WHEREFORE, the Defendant moves the court to strike paragraph 7 and footnote 4 from the

Order of Criminal Contempt Proceedings.

Stephen M. Kunz, U.S. Attorney's Office, has been contacted and objects to the Court granting the Defendant's Motion to Strike Surplusage from Notice and Order of Criminal Contempt Proceedings.

>Respectfully submitted,
>
> */s/ Joseph L. Hammons*
>
> JOSEPH L. HAMMONS
> FBN: 218979
> The Hammons Law Firm, P.A.
> 17 W. Cervantes Street
> Pensacola, FL 32501
> (850) 434-1068
> Attorney for Defendant

\* \* \*

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been furnished to Stephen M. Kunz, U.S. Attorney's Office, 111 North Adams Street, 4th Floor, Tallahassee, FL 32301, by electronic filing, on  8th  October, 2010.

> */s/ Joseph L. Hammons*
>
> JOSEPH L. HAMMONS
> FBN: 218979
> The Hammons Law Firm, P.A.
> 17 W. Cervantes Street
> Pensacola, FL 32501
> (850) 434-1068
> Attorney for Defendant