# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

In re: JEFFREY DICKSTEIN                    Case No. 3:10mc63/MCR/EMT
_____/

## O R D E R

This criminal contempt proceeding arises out of the conduct of Jeffrey Dickstein during a prior criminal action in which he served as defense counsel. *See* 18 U.S.C. § 401(3); Fed. R. Crim. P. 42(a). Pending before the court is Mr. Dickstein's motion to dismiss the notice of criminal contempt proceedings (doc. 25), which the Government opposes (doc. 29), and his motion to strike surplusage (doc. 26) from the Notice and Order of Criminal Contempt Proceedings (doc. 1). The court has considered the arguments presented and DENIES both motions.

The Eleventh Circuit has identified three elements necessary for a finding of criminal contempt: (1) a lawful and reasonably specific order; (2) that was violated; and (3) that the violation was willful. *Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2007); *United States v. Bernardine*, 237 F.3d 1279, 1282 (11th Cir. 2001); *see also United States v. Baldwin*, 770 F.2d 1550, 1557-58 (11th Cir. 1985) ("Criminal contempt is established when it is shown that the defendant is aware of a clear and definite court order and willfully disobeys the order."). The government bears the burden to prove these elements beyond a reasonable doubt. *Bernardine*, 237 F.3d at 1282. Whether the order was reasonably specific involves a factual inquiry considering the context in which the order was entered and the audience to which it was addressed. *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007), *cert. denied*, 129 S. Ct. 40 (2008). "Willfulness means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order." *Id.* at 1012; *see also Baldwin*, 770 F.2d at 1558. "Under this standard of intent, behavior amounting to a reckless disregard for the administration of justice is

sufficient to support a conviction when violative of a reasonably specific court order." *United States v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir. 1989) (noting that the requisite intent may be inferred when "a lawyer's conduct discloses a reckless disregard for his professional duty").

On August 18, 2010, the court filed a Notice and Order of Criminal Contempt Proceedings ("Notice") against Dickstein, listing as grounds for the order his violation of this court's oral admonition and a Standing Order and Notice to Retained Criminal Defense Attorneys in the case of *United States v. Hirmer, et al.*, No. 3:08cr79 (N.D. Fla. ), in which Dickstein appeared as defense counsel. (Doc. 1) The Notice set forth the essential facts of the alleged criminal contempt, alleging Dickstein willfully violated court orders by withdrawing his representation of the Hirmers prior to sentencing due to their nonpayment of attorney's fees, and the Notice clearly characterized this as a criminal contempt proceeding. The Notice set forth the time and place for the hearing, provided a reasonable time for the preparation of a defense, advised Dickstein of his right to counsel, and requested prosecution of the matter by the United States Attorney's Office. *See* Fed. R. Crim. P. 42(a). The hearing is scheduled for Monday, October 25, 2010.

Dickstein asserts he complied with all applicable rules by filing a motion to withdraw, and he argues that the charge is based on nothing more than an anticipatory refusal to obey because in fact the court granted his motion for reconsideration. Dickstein also argues that the Standing Order did not prohibit him from filing a motion to withdraw and that he had valid reasons for filing the motion aside from the mere fact of nonpayment, including personal financial difficulties and a conflict of interest, which he was required by the California Rules of Professional Conduct[1] to bring to the court's attention.

Dickstein presents a selective view of the record. Considering the charges contained in the Notice and the record as a whole, the court concludes that questions of fact exist. Determining whether the facts are sufficient to demonstrate a willful violation of a reasonably specific order to establish criminal contempt is the *raison d'être* of the criminal

---

[1] Dickstein is licensed to practice law by the State of California. By local rule, he is also bound by the Rules of Professional Conduct of the Rules Regulating the Florida Bar as a member of the bar of this district. N.D. Fla. Loc. R. 11.1(E)(1).

contempt proceeding. At the hearing, Dickstein will be presumed innocent and will be free to present a defense at that time. *See, e.g., Romero*, 480 F.3d at 1243-45 (concluding the evidence presented was insufficient to support a finding that a reasonably specific order had been willfully violated); *United States v. Brown*, Nos. 403cr001 & 407cv085, 2008 WL 2811890, at *5-6 (S.D. Ga. 2008) (noting that good faith is often offered as a defense to the willfulness element but cautioning that "subtle nuances" to the defense exist). The validity of Dickstein's defense to the criminal contempt charge involves questions of fact that will be resolved at the hearing; it is not a basis for dismissal at this stage.

Furthermore, Dickstein states no defect in the Notice warranting dismissal. Criminal contempt need not be charged by indictment. *See United States v. Cohn*, 586 F.3d 844, 849 (11th Cir. 2009). Instead, a notice of criminal contempt initiates the proceedings, and the notice need only state the time and place of the trial, allow the defendant a reasonable time to prepare a defense, and state the essential facts constituting the charged criminal contempt and describing it as such. Fed. R. Crim. P. 42(a); *see also Romero*, 480 F.3d at 1242-43. The Notice in this case (doc. 1) complies with these requirements.

Dickstein also moves to strike surplusage from paragraph seven and footnote four of the notice of criminal contempt proceedings, citing Fed. R. Crim. P. 7(d). Paragraph seven outlines the fact that, although Dickstein complained of nonpayment by the Hirmers, he was responsible for spending thousands dollars of their money before trial pursuing an interlocutory mandamus action in the Eleventh Circuit and a writ of certiorari in the United States Supreme Court on an issue that was both frivolous and plainly preserved for appeal. Footnote four provides further background information, illustrating Dickstein's notice of the frivolous nature of the Sixteenth Amendment issue and further illustrating his attitude toward this court while pursuing the issue (he accused this court of committing a felony by not permitting his clients to testify regarding their views of the Sixteenth Amendment). The footnote also refers to other orders in which Dickstein's conduct has been sanctioned.

Rule 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). A notice of criminal contempt proceedings, however, does not fall within this rule. Rule 7(a) states that "an offense (other than criminal contempt) must be prosecuted by an indictment." Fed. R.

Crim. P. 7(a)(1); *see also Cohn*, 586 F.3d at 849. Thus, the motion is not well taken. Additionally, the court concludes that the information is not inappropriate surplusage. Although the information in paragraph seven and footnote four does not state a charge of contempt, it provides useful background information illustrating Dickstein's frivolous use of the compensation he did receive, his attitude before this court, and his knowledge of conduct which courts expect of him in general. Thus, paragraph seven and footnote four, while not the basis for the contempt charge, serve to provide Dickstein with full notice of all potentially relevant factors.

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss Order of Criminal Contempt (doc. 25) is DENIED and Defendant's Motion to Strike Surplusage from Notice and Order of Criminal Contempt Proceedings (doc. 26) is DENIED.

**DONE AND ORDERED** on this 21st day of October, 2010.

                                            *s/ M. Casey Rodgers*
                                            **M. CASEY RODGERS**
                                            **UNITED STATES DISTRICT JUDGE**